**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2310**

FOREST CAPITAL, LLC,

    Plaintiff - Appellee,

        v.

DAVID PEARSALL,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:14-cv-01670-JFM)

Submitted: May 31, 2018                    Decided: June 6, 2018

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

David Pearsall, Appellant Pro Se. Jeffrey A. Wurst, RUSKIN MOSCOU FALTISCHEK, PC, Uniondale, New York, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Pearsall sought to appeal the district court's order granting summary judgment to Forest Capital, LLC ("Forest Capital"), on some, but not all, of Forest Capital's claims. We dismissed Pearsall's appeal for lack of jurisdiction. *Forest Capital, LLC v. Pearsall*, 687 F. App'x 298, 299 (4th Cir. 2017) (No. 16-1707). After we issued our mandate, Forest Capital sought dismissal without prejudice of its remaining claim against Pearsall. *See* Fed. R. Civ. P. 41(a)(2). The district court granted Forest Capital's motion and dismissed without prejudice the remaining claim. Pearsall appeals, seeking to challenge the district court's order granting summary judgment in Forest Capital's favor.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Because the Rule 41(a)(2) dismissal without prejudice of Forest Capital's remaining claim against Pearsall created a nonfinal split judgment, the summary judgment order Pearsall seeks to challenge is neither a final order nor an appealable interlocutory or collateral order.[*] *Cf. Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013) (discussing use of voluntary dismissal

---

[*] We note that, because Forest Capital's claim of tortious interference stems from allegations of Pearsall's continuous course of conduct in violation of the parties' February 21, 2014, settlement agreement, the statute of limitations is tolled and Forest Capital could still bring its claim against Pearsall. *See Litz v. Md. Dep't of Env't*, 76 A.3d 1076, 1089-91 (Md. 2013) (discussing tolling of statute of limitations for continuous tortious actions under Maryland law).

to manufacture jurisdiction over otherwise interlocutory orders); *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). Accordingly, we dismiss the appeal for lack of jurisdiction. In *Goode*, we remanded to the district court with instructions to allow amendment of the complaint. 807 F.3d at 630. Here, however, the district court already has afforded Forest Capital the opportunity to address the remaining claim. Accordingly, we direct on remand that the district court, in its discretion, either afford Forest Capital another opportunity to resolve the outstanding claim or dismiss the claim with prejudice, thereby rendering the dismissal order a final, appealable order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*